UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES GARAVAGLIA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20-cv-01681-CDP |
| vs. | ) | |
| | ) | |
| **CITY OF ST. LOUIS** and | ) | JURY TRIAL DEMANDED |
| **DARLENE GREEN**, | ) | |
| | ) | |
| Defendants. | ) | |

## **FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Comes now plaintiff James Garavaglia ("plaintiff") and for his claims against defendant City of St. Louis ("the City") and defendant Darlene Green ("defendant Green") (collectively referred to as "defendants"), states:

## JURISDICTION AND VENUE

1.      This is an action under: (1) the Age Discrimination in Employment Act, 29 U.S.C. §§621 *et seq.*, as amended ("ADEA"), (2) the Civil Rights Act of 1991, 42 U.S.C.§§1981 *et seq.*, as amended ("§1981"), (3) the Civil Rights Act of 1866, 42 U.S.C. §§1983*, et seq.,* as amended ("§1983"); (4) Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e *et seq.,* as amended ("Title VII"); and (5) the Missouri Human Rights Act, §213.055 & §213.111, RSMo. ("MHRA") — to correct unlawful employment practices and discrimination because of, age, sex/gender, and race, and to provide appropriate relief to plaintiff who was adversely affected by such practices.

1

2.      Subject matter jurisdiction of this Court over the federal questions presented under the ADEA, §1981, §1983, and Title VII is invoked pursuant to 28 U.S.C., §§1331 and 1343. This Court has supplemental jurisdiction over plaintiff's claims arising under the MHRA pursuant to 28 U.S.C.§1367(a) because these claims are so related to plaintiff's claims under federal law that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

PARTIES

4       Plaintiff is currently over 40 years of age, is a Caucasian male, and is a resident of St. Louis, Missouri.

5.      The City is a municipal corporation organized and existing under the laws of the State of Missouri.

6.      Defendant Green is an African-American female, a resident of the City of St. Louis, and at all times mentioned herein was the Comptroller of the City and plaintiff's appointing authority.

STATEMENT OF CLAIMS

7.      Plaintiff worked under contract for defendant City for approximately 32 years, the last 3 years of which he held the title of Deputy Comptroller.

8.      Immediately following his appointment to Deputy Comptroller, defendant Green, plaintiff's direct supervisor and appointing authority, suggested to plaintiff that he

2

should retire in a couple of years; however, plaintiff had given no indication he intended to retire in that time frame.

9.      Because of plaintiff's age, sex/gender and/or race, defendant Green continued to pressure plaintiff to retire in the years following his appointment and refused to provide him with a required annual civil service rating of his work performance for any of the years he served as Deputy Comptroller.

10.     On numerous occasions, defendant Green expressed her preference for younger African-America female employees in the Comptroller's office, either directly to plaintiff or in front of plaintiff for plaintiff to overhear.

11.     In approximately April 2019, defendant Green directly questioned both plaintiff and another white female employee, the deputy Comptroller of Accounting Services, about their intentions to remain in their current positions, and plaintiff expressly stated he intended to continue working at least through defendant Green's remaining term or election which ended in April 2021.

12.     On July 2, 2019, plaintiff was placed on forced administrative leave by defendant Green, without good cause, and plaintiff was provided no explanation or basis for the action.

13.     Defendant Green placed plaintiff on forced leave with the intent of auditing him in order to obtain and prepare a pretextual reason to justify plaintiff's termination, and/or with the intent to harass plaintiff and induce him to retire or resign -- so that she could then replace plaintiff as Deputy Comptroller with a younger African-American female employee.

3

14.     Plaintiff appealed his forced leave to defendant's Civil Service Commission for the City of St. Louis, and, in order to avoid any inquiry into the basis for his placement on forced unpaid leave at an evidentiary hearing, defendant Green thereafter rescinded and withdrew plaintiff's forced leave.

15.     Almost immediately after defendant Green withdrew her placement of plaintiff on forced leave, defendant Green again placed plaintiff back on forced leave for the same reasons as set forth above, and plaintiff then appealed yet again to the Civil Service Commission.

16.     Defendant Green then withdrew plaintiff's forced leave yet *again* for the same reasons as set forth above, repeating this conduct for the *third* separate occasion, necessitating plaintiff filing multiple appeals to the Civil Service Commission.

17.     The City's Director of Personnel approved the forced leave each time knowing that there was no supportable basis for each forced leave decision and/or conspired with defendant Green to discriminate against plaintiff as alleged herein.

18.     Throughout plaintiff's tenure as Deputy Comptroller, plaintiff was subjected to a pattern of discriminatory treatment and harassment by defendants, motivated by their efforts to find a non-discriminatory basis as pretext to justify plaintiff's termination while intending to replace plaintiff with a younger African-American female employee.

19.     In or around early September 2019, plaintiff received notice of a pre-termination hearing scheduled by defendant Green for September 12, 2019.

20.     After plaintiff received such notice and before September 12, 2019, and due to the intolerable continued harassment and fundamental oppressive working conditions

created by defendant, plaintiff then filed for his retirement, effective October 1, 2019; and defendant Green thereupon canceled the upcoming pre-termination hearing.

21.    Defendants *constructively discharged* plaintiff, in that:   (1) a reasonable person in plaintiff's position would have found his working conditions – including but not limited to repeatedly placing plaintiff on forced leave without good cause, requiring plaintiff to file multiple appeals to the Civil Service Commission, and then withdrawing or rescinding such forced leaves prior to a hearing before the Commission; refusing to provide required annual civil service ratings of his work performance; and other working conditions – to be intolerable; (2) such conditions were created by defendants' actions, as alleged above, which were motivated by defendants' intent to discriminate against plaintiff because of his sex/gender and/or his race, *and/or* but for the plaintiff's age or race, defendants would not have taken those actions; and (3) defendants' acted with the intent of forcing plaintiff to retire, quit or resign, and plaintiff's retirement was a reasonably foreseeable result of the defendants' actions.

22.    After constructively discharging plaintiff, defendants replaced plaintiff with a substantially younger African-American female employee.

23.    As a proximate result of defendants' conduct, plaintiff has lost, and will continue to lose, compensation and benefits of employment, including but not limited to the loss of income and benefits; and has, and will continue to, suffer emotional pain, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.

24.    Defendants' actions were intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of

5

plaintiff under the ADEA, §1981, §1983, Title VII, and the MHRA, entitling plaintiff to punitive damages.

25.     As a proximate result of defendants' conduct, plaintiff does not have an adequate remedy at law and is entitled to equitable relief, including a permanent injunction, declaratory judgment, reinstatement and back pay, and/or front pay.

26.     As a proximate result of defendants' conduct, plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in the prosecution of his age, gender, and race discrimination claims.

## COUNT I – TITLE VII

27.     Plaintiff hereby incorporates by reference each and every allegation set forth hereinabove in paragraphs 1 thru 26 as if set forth in full herein.

28.     The City repeatedly placed plaintiff on forced leave and constructively discharged plaintiff as set forth above in paragraphs 20 & 21.

29.     Plaintiff's sex/gender and/or his race was a motivating factor or played a part in plaintiff's discriminatory conduct of placing plaintiff on forced leave and/or in discharging him.

30.     On December 8, 2019, plaintiff timely filed charges of discrimination (within 300 days of defendants' last act of discrimination) with the Equal Employment Opportunity Commission ("EEOC") alleging that defendants wrongfully and illegally terminated his employment because of his race, and/or gender; and opened its file number 560-2020-00205; and on September 1, 2020, the EEOC issued plaintiff a right-to-sue letter; and plaintiff has met all procedural prerequisites for bringing his claims under Title VII.

6

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against the City, to include the following:

A.     To declare that the rights of plaintiff under Title VII have been violated by the acts and practices of the City as alleged hereinabove;

B.     To permanently enjoin the City, its officers, subordinates, agents, employees, successors and assigns and all persons acting in concert or participating with the City, including but not limited to the City's Comptroller and its Director of Personnel, from engaging in any employment practice which discriminates against persons because of their race or gender, in violation of Title VII, including plaintiff;

C.     To order the City to reinstate and provide back pay to plaintiff, retroactive to October 1, 2019; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D.     To award plaintiff compensatory damages in the amount of all wages and fringe benefits lost as a result of the City's unlawful acts, together with pre-judgment and post-judgment interest;

E.     To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment and loss of esteem;

F.     To award plaintiff such sums as permitted by law as and for punitive damages;

G.     To award plaintiff his reasonable attorney's fees and expenses incurred in

the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

<u>COUNT II – ADEA</u>

31.     Plaintiff hereby incorporates by reference each and every allegation set forth hereinabove in paragraphs 1 thru 26 as if set forth in full herein.

32.     The City repeatedly placed plaintiff on forced leave and constructively discharged plaintiff as set forth above in paragraphs 20 & 21.

33.     The City thereby discriminated against plaintiff *because of* his age; and/or would not have done so *but for* his age.

34.     On December 8, 2019, plaintiff timely filed charges of discrimination (within 300 days of defendants' last act of discrimination) with the Equal Employment Opportunity Commission ("EEOC") alleging that defendants wrongfully and illegally terminated his employment because of his age; and opened its file number 560-2020-00205; and on September 1, 2020, the EEOC issued plaintiff a right-to-sue letter; and plaintiff has met all procedural prerequisites for bringing his claims under the ADEA.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against the City, to include the following:

A.     To declare that the rights of plaintiff under the ADEA have been violated by the acts and practices of the City as alleged hereinabove;

B.     To permanently enjoin the City, its officers, subordinates, agents,

8

employees, successors and assigns and all persons acting in concert or participating with the City, including but not limited to the City's Comptroller and its Director of Personnel, from engaging in any employment practice which discriminates against persons because of their age, in violation of the ADEA, including plaintiff;

C.     To order the City to reinstate and provide back pay to plaintiff, retroactive to October 1, 2019; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D.     To award plaintiff compensatory damages in the amount of all wages and fringe benefits lost as a result of the City's unlawful acts, together with pre-judgment and post-judgment interest;

E.     To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment and loss of esteem;

F.     To award plaintiff such sums as permitted by law as and for punitive damages;

G.     To award plaintiff his reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

<u>COUNT III -- §1983</u>

35.    Plaintiff hereby incorporates by reference each and every allegation set forth hereinabove in paragraphs 1 thru 34 as if set forth in full herein.

36.    Defendants repeatedly placed plaintiff on forced leave and constructively discharged plaintiff as set forth above in paragraphs 20 & 21.

37.    Plaintiff's race, sex/gender, and/or age was either (a) a motivating factor or played a part in defendants' decisions to repeatedly place him on forced leave and/or to discharge plaintiff, or (b) a determining factor in defendants' decisions to thereby discriminate against him.

38.    Such action constituted a violation of plaintiff's *clearly established* rights to equal protection of the laws and to due process of law under the 14th Amendment to the U.S. Constitution, Title VII, and the ADEA.

39.    Defendant Green's discriminatory conduct as set forth above with particularity was committed in her capacity as plaintiff's appointing authority and under Missouri law, which further constituted acts representing and executing the City's official policies.

40.    In illegally discriminating against plaintiff as alleged with particularity above, defendants were acting under color of state law.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against both defendants Green and the City, to include the following:

A.    To declare that the rights of plaintiff under the 14th Amendment to the U.S. Constitution, Title VII, and the ADEA have been violated by the acts and

10

practices of defendants as alleged hereinabove;

B.     To permanently enjoin the City and defendant Green, their officers, subordinates, agents, employees, successors and assigns and all persons acting in concert or participating with them, from engaging in any employment practice which discriminates against persons because of their race, gender, or age, including plaintiff;

C.     To order defendants to reinstate and provide back pay to plaintiff, retroactive to October 1, 2019; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D.     To award plaintiff compensatory damages in the amount of all wages and fringe benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

E.     To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment and loss of esteem;

F.     To award plaintiff such sums as permitted by law as and for punitive damages;

G.     To award plaintiff his reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

<u>COUNT IV -- §1981</u>

41.     Plaintiff hereby incorporates by reference each and every allegation set forth hereinabove in paragraphs 1 thru 30 and 36 thru 40 as if set forth in full herein.

42.     Defendants repeatedly placed plaintiff on forced leave and constructively discharged plaintiff as set forth above in paragraphs 20 & 21.

43.     Defendants thereby discriminated against plaintiff *because of* his race; and/or would not have done so *but for* his race.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against both defendants Green and the City, to include the following:

A.      To declare that the rights of plaintiff under the equal protection clause of the 14th Amendment to the U.S. Constitution and under §1981 have been violated by the acts and practices of defendants as alleged hereinabove;

B.      To permanently enjoin the City and defendant Green, their officers, subordinates, agents, employees, successors and assigns and all persons acting in concert or participating with them, from engaging in any employment practice which discriminates against persons because of their race, including plaintiff;

C.      To order defendants to reinstate and provide back pay to plaintiff, retroactive to October 1, 2019; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D.      To award plaintiff compensatory damages in the amount of all wages and

fringe benefits lost as a result of defendants' unlawful acts, together with pre-judgment and post-judgment interest;

E.     To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment and loss of esteem;

F.     To award plaintiff such sums as permitted by law as and for punitive damages;

G.     To award plaintiff his reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

## COUNT V -- MHRA

44.     Plaintiff hereby incorporates by reference each and every allegation set forth hereinabove in paragraphs 1 thru 26 as if set forth in full herein.

45.     The City repeatedly placed plaintiff on forced leave and constructively discharged plaintiff as set forth above in paragraphs 20 & 21.

46.     Plaintiff's age, sex/gender, and/or race actually played a role in and had a determinative influence on such actions of the City.

47.     The Missouri Commission on Human Rights ("MCHR") has a statutory work-sharing agreement/relationship with the EEOC; and upon the filing of plaintiff's charge of race, sex/gender and/or age discrimination with the EEOC on December 8, 2019, the

MCHR opened its own file on the foregoing charges under its file number FE-12/19-31418; and on December 4, 2020, the MCHR issued plaintiff a right to sue letter; and plaintiff has met all procedural prerequisites for bringing his claims under the MHRA.

WHEREFORE, plaintiff respectfully prays this Court to enter judgment in favor of plaintiff and against the City, to include the following:

A.      To declare that the rights of plaintiff under the MHRA have been violated by the acts and practices of the City as alleged hereinabove;

B.      To permanently enjoin the City, its officers, subordinates, agents, employees, successors and assigns and all persons acting in concert or participating with the City, including but not limited to the City's Comptroller and its Director of Personnel, from engaging in any employment practice which discriminates against persons because of their race, sex/gender, and/or age, in violation of the MHRA, including plaintiff;

C.      To order the City to reinstate and provide back pay to plaintiff, retroactive to October 1, 2019; or in lieu of reinstatement, to award plaintiff reasonable front pay;

D.      To award plaintiff compensatory damages in the amount of all wages and fringe benefits lost as a result of the City's unlawful acts, together with pre-judgment and post-judgment interest;

E.      To award plaintiff such sums sufficient to compensate her for his emotional pain, suffering, mental anguish, inconvenience, embarrassment and loss of esteem;

F.     To award plaintiff such sums as permitted by law as and for punitive damages;

G.     To award plaintiff his reasonable attorney's fees and expenses incurred in the prosecution of this petition, as provided by law, together with his costs and expenses herein incurred; and

H.     For such other and further relief as this Court deems just and equitable in the premises and as necessary to effectuate the terms of the judgment.

<u>JURY TRIAL DEMAND</u>

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

UTHOFF, GRAEBER, BOBINETTE & BLANKE
*Attorneys for Plaintiff*
906 Olive Street, Ste. 300
St. Louis, Mo. 63101
Phone: (314) 621-9550
Facsimile: (314) 621-2697
By:         /s/      Richard B. Blanke
            Richard B. Blanke, #28675MO
            E-Mail: rblanke@ugbblaw.com
By:       /s/      Paul L. Schmitz
            Paul L. Schmitz, #66885MO
            E-Mail: pschmitz@ugbblaw.com