UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES GARAVAGLIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20 CV 1681 CDP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

On October 1, 2019, plaintiff James Garavaglia retired from his employment with defendant City of St. Louis. He held the position of Deputy Comptroller at the time of his retirement and was supervised by defendant Comptroller Darlene Green. In this employment discrimination action, Garavaglia, a white male over 40 years old, claims that his retirement constituted constructive discharge because Green's harassing conduct directed to him on account of his race, age, and/or gender rendered his working conditions so intolerable that he had no choice but to retire earlier than he had planned. Green moves to dismiss Garavaglia's claims against her under Rule 12(b)(6), Federal Rules of Civil Procedure, arguing that they fail to state a claim upon which relief can be granted. To the extent Garavaglia's second amended complaint can be construed as bringing claims against Green under the Age Discrimination in Employment Act (ADEA), Title

VII of the Civil Rights Act, or the Missouri Human Rights Act (MHRA), or as bringing claims other than for constructive discharge, I will grant the motion to dismiss.  In all other respects, I will deny the motion.

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.  When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint as true and construe them in plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  It must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678.  It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim.  *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## Background

The facts stated in Garavaglia's second amended complaint, which I must

assume as true, allege the following: After working under contract with the City for about twenty-nine years, Garavaglia was promoted to the position of Deputy Comptroller, which he held for three years until his retirement. Immediately following his promotion, Comptroller Green – an African-American female – suggested to Garavaglia that he retire in a couple of years. After this initial suggestion, Green continued to pressure Garavaglia to retire. She repeatedly articulated to Garavaglia directly and in his presence that she preferred to have younger African-American females in the Comptroller's office. In April 2019, Green asked Garavaglia about his intention to remain in his position, and Garavaglia responded that he intended to stay through at least April 2021.

In July 2019, Green placed Garavaglia on forced administrative leave without explanation or good cause. Garavaglia appealed this action to the Civil Service Commission. Before any inquiry or hearing on the appeal, Green withdrew the forced leave action. Shortly thereafter, Green placed Garavaglia on forced administrative leave again and Garavaglia again appealed the action to the Civil Service Commission. As with the first appeal, Green withdrew the forced leave action before any inquiry or hearing. In early September 2019, Garavaglia received notice that Green scheduled him for a pretermination hearing on September 12. Considering this to be a continuation of Green's harassment and her intent to continue with oppressive work conditions, Garavaglia filed for his

retirement, effective October 1, 2019.  Green then canceled the pretermination hearing.  A younger African-American female replaced Garavaglia after his retirement.

At no time during Garavaglia's tenure as Deputy Comptroller did Green provide required annual civil service ratings on his performance.

In Counts I, II, and V of his five-count second amended complaint, Garavaglia seeks relief against the City under the ADEA, Title VII, and the MHRA.  In Counts III and IV, he seeks relief against Green in her individual capacity under 42 U.S.C. §§ 1981 and 1983.[1]  Green moves to dismiss these claims.

## Discussion[2]

A constructive discharge occurs when an employer deliberately renders an employee's working conditions intolerable, forcing him to quit his job.  *Hukkanen v. Int'l Union of Operating Eng'rs, Hoisting & Portable Loc. No. 101*, 3 F.3d 281, 284 (8th Cir. 1993).  A constructive discharge takes place, however, only when a reasonable person would find the working conditions intolerable.  *Jackson v. Arkansas Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1026 (8th

---

[1] Garavaglia's claims against Green in her official capacity were dismissed February 19, 2021.

[2] Claims of discrimination brought under Title VII, the ADEA, the MHRA, § 1981, and § 1983 are subject to the same legal analysis.  *See Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775-76 (8th Cir. 1995); *Bonenberger v. St. Louis Metro. Police Dep't*, 956 F. Supp. 2d 1059, 1065-66 (E.D. Mo. 2013).

Cir. 2001).  And the employer's actions must have been intended to force the employee to quit, which is satisfied if the employee shows that his leaving his employment was a reasonably foreseeable consequence of the employer's discriminatory actions.  *Hukkanen*, 3 F.3d at 284-85.

Garavaglia's allegations, as set forth above, are sufficient to proceed at this stage of the litigation.  The complaint adequately alleges facts stating a plausible claim of constructive discharge against Green, including that she repeatedly suggested to Garavaglia that he retire, repeatedly stated to Garavaglia or in his presence that she preferred younger African-American female employees, twice placed Garavaglia on forced leave with no reason shortly after he stated his intention to remain in the office through April 2021, deprived him the opportunity to be heard before the Civil Service Commission on the forced leave issue, and soon thereafter scheduled him for pretermination hearing.  These facts sufficiently support an inference that Green intended to force Garavaglia to end his employment, that Green's intention was motivated by discriminatory animus, and that it was a reasonably foreseeable consequence that Garavaglia would leave.  The facts as pled also support an inference that a reasonable person would consider it intolerable to be repeatedly placed on forced leave without reason, especially when deprived of the opportunity to address the action to the Civil Service Commission.  Being thereafter scheduled for a pretermination hearing could be considered the

proverbial "straw that broke the camel's back."

In view of the facts alleged in the complaint, Green's contention that Garavaglia's claim of constructive discharge is merely a "bare legal assertion" is without merit, as is Green's assertion that Garavaglia failed to allege an adverse employment action.  An employee's choosing to retire early instead of continuing to work under intolerable working conditions may constitute a constructive discharge, *e.g.*, *Smith v. World Ins. Co.*, 38 F.3d 1456 (8th Cir. 1994), and "[j]ust like any other discharge, a constructive discharge is an adverse employment action."  *Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 825 (8th Cir. 2006).

Green also contends that Garavaglia cannot prevail on his claims against her because the conduct attributed to her in his complaint was not so severe as to rise to the level of creating a hostile work environment, let alone a hostile work environment that would cause a reasonable person to believe he had no choice but to retire.  Green further argues that Garavaglia failed to avail himself of the City's pretermination procedures and thus denied Green and the City an opportunity to rectify any disputes regarding his employment.  Finally, Green contends that Garavaglia's complaint fails to allege facts demonstrating that she is the rare employer who discriminates against the majority and, further, cannot overcome the presumption that Green's conduct was not motivated by discrimination given that she was the person of authority who promoted Garavaglia to his position of Deputy

Comptroller.  These arguments are more appropriately considered on a motion for summary judgment with proper submission of evidence relevant to the issues.  *Cf. Carlson v. Jomar Invs.*, No. 07-04147-CV-C-NKL, 2008 WL 11426819, at *2 (W.D. Mo. Mar. 17, 2008) (inappropriate to grant motion to dismiss on defendant's assertion of affirmative defense).

To the extent Green also claims that she cannot be held individually liable for any alleged violations of Title VII, the ADEA, or the MHRA, Garavaglia responds – and a review of the second amended complaint confirms – that Garavaglia brings these claims against only the City.  And to the extent Green construes Garavaglia's complaint as alleging that his being placed on forced leave constituted actionable adverse employment actions for which he seeks recovery, Garavaglia clarifies that his claim is only of constructive discharge and that the factual allegations of his being placed on forced leave are for purposes of showing a hostile environment giving rise to intolerable working conditions.  In view of these representations, I will grant Green's motion to dismiss to the extent Garavaglia's second amended complaint can be construed to include claims against Green arising under Title VII, the ADEA, or the MHRA, and to the extent it can be construed as seeking recovery for his being placed on forced administrative leave.

The face of Garavaglia's second amended complaint shows it to contain factual allegations sufficient to state a plausible claim of constructive discharge

against defendant Green.  Garavaglia is therefore entitled to present evidence in support of his claim, and Green's motion to dismiss Garavaglia's claim of constructive discharge brought under 42 U.S.C. §§ 1981 and 1983 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Darlene Green's Motion to Dismiss Plaintiff's Second Amended Complaint [44] is granted in part and denied in part as set out in this Memorandum and Order.

                                        *Catherine D. Perry*
                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2021.