# EXHIBIT 3

# Keaton, Andrea

| | |
|---|---|
| **From:** | Norwood, Ronald A. |
| **Sent:** | Wednesday, November 17, 2021 4:18 PM |
| **To:** | Rick Blanke |
| **Cc:** | McMillen, Joy D.; hamiltons@stlouis-mo.gov; Paul Schmitz |
| **Subject:** | Re: [EXTERNAL] James Garavaglia v. City of St. Louis, et al. |

Thanks. We have no objection to your request as we will likely need a few weeks as well; please confirm that you mutually agree. Regarding deposition scheduling, we have attempted to work with you (agreeing to move back the date we originally selected) and cannot understand why you will not agree to space out the depositions one week. Since we are at an impasse it appears, we unfortunately will need to pursue relief from the Court to keep this case on track. I suspect the Court will not be too pleased that such a simple request cannot be worked out.

Ron

Sent from RAN
iPhone

> On Nov 17, 2021, at 3:43 PM, Rick Blanke <rblanke@ugbblaw.com> wrote:
>
> Mr. Norwood,
>
> Attached please find plaintiff's objections to defendant Green's requests for production of documents. Please note that we will likely be producing a substantial number of documents to which we objected "subject to and without waiving" these objections. Accordingly, before calling up our objections or seeking a motion to compel, I would request that you await receipt of the documents we are actually producing. Unfortunately, however, we need an extension to make production. <u>May we have an additional two weeks</u>?
>
> Second, with regard to the depositions of plaintiff and defendant Green – it is apparent that we disagree. We just don't see why your client will need a full week after plaintiff's depo to "prepare" for our cross-examination at her deposition. She can certainly review her file, all correspondence, and all relevant reference material -- before our client is deposed. It is unclear as to why, if your client intends on being forthcoming, her answers to our <u>questions of fact</u> are going to depend substantially on plaintiff's testimony. At any rate, while our objection to your suggestion for this party-depo schedule is not "vehemently made," we must stand on it nonetheless. Please advise.
>
> Thank you.
>
> <image003.png>
>
> **From:** Norwood, Ronald A. <rnorwood@lewisrice.com>
> **Sent:** Monday, November 15, 2021 4:05 PM
> **To:** Rick Blanke <rblanke@ugbblaw.com>
> **Cc:** McMillen, Joy D. <JMcMillen@lewisrice.com>; hamiltons@stlouis-mo.gov; Paul Schmitz <pschmitz@ugbblaw.com>
> **Subject:** Re: [EXTERNAL] RE: James Garavaglia v. City of St. Louis, et al.

We vehemently disagree and have never had to proceed as you suggest. My client is more than a fact witness; she is a named defendant and has a right to be fully prepared to address allegations made by your client under oath. I hate to get the Court involved but unless you agree to what we are proposing, and given the looming deadlines, we may have no choice but file a motion to compel. Please give me your dates (assuming the Court agrees with your position or my position) and we can include that in the motion if needed. We will see if we can get resolved via telephone conference with the Court if necessary. Please advise. Thanks.

Ron

Sent from RAN iPhone

On Nov 15, 2021, at 3:38 PM, Rick Blanke <rblanke@ugbblaw.com> wrote:

Ron,

You already have the advantage of deposing plaintiff before your client is deposed. Adding your proposal to that advantage – granting your client a week to "prepare" for her own deposition --constitutes just a tad too much overreaching to which we cannot accede. These are not expert depos; these are depos of lay witnesses about the *facts*. Before he testifies, plaintiff has no right to even hear your client testify, much less being afforded additional time to prepare his own testimony. Someone gets to go first. That's the only advantage that is not unfair (only because it is unavoidable). We think it only fair that we be afforded the opportunity to depose your client directly after the conclusion of plaintiff's deposition, and continue thereafter until her deposition concludes; provided, however, that should plaintiff's deposition conclude after 3pm on any day, then defendant Green's deposition shall commence the following day.

It also follows that we need to get this issue resolved before picking party depo dates. So . . . please advise.
*Thank you.*

<image006.png>

**From:** Norwood, Ronald A. <rnorwood@lewisrice.com>
**Sent:** Friday, November 12, 2021 9:33 AM
**To:** Rick Blanke <rblanke@ugbblaw.com>; McMillen, Joy D. <JMcMillen@lewisrice.com>; 'hamiltons@stlouis-mo.gov' <hamiltons@stlouis-mo.gov>
**Cc:** Paul Schmitz <pschmitz@ugbblaw.com>
**Subject:** RE: James Garavaglia v. City of St. Louis, et al.

Rick:

After conferring with the City Counselor and my client, we are not amenable to any depositions the week between Christmas and New Years for obvious reasons. We also would need to set the deposition of Comptroller Green at least one week after we depose your client for purposes of adequate preparation. Given the tight schedule and upcoming deadlines, we will need to have this first round of depositions completed in January. Please provide us with your available dates for the weeks of **January 10th** and **January 17th** as soon as possible so that we can lock down these dates. Thank you much.

Ron

<image007.jpg>  **Ronald A. Norwood**
rnorwood@lewisrice.com

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
314.444.7759 (direct)
314.612.7759 (fax)
www.lewisrice.com

**From:** Rick Blanke <rblanke@ugbblaw.com>
**Sent:** Monday, November 8, 2021 2:21 PM
**To:** Norwood, Ronald A. <rnorwood@lewisrice.com>; McMillen, Joy D. <JMcMillen@lewisrice.com>; 'hamiltons@stlouis-mo.gov' <hamiltons@stlouis-mo.gov>
**Cc:** Paul Schmitz <pschmitz@ugbblaw.com>
**Subject:** [EXTERNAL] RE: James Garavaglia v. City of St. Louis, et al.

Greetings:

Attached please find plaintiffs' interrogatories and requests for production (in both MSWord and .pdf format) - directed to each defendant.

As for depositions, we believe that, in fairness, the depositions of plaintiff *and* defendant Green should occur either on the same day, or if lengthier than that, in consecutive days. We can do any day the last week of December, except for the 31st. I think we'll only need one day but perhaps should plan for two. Please advise.
*Thank you.*
<image008.png>

This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.

This message, including attachments, is from the law firm of Lewis Rice LLC. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 314-444-7600. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient.
&lt;Plaintiff's objections to Defendant Green's First Request for Production of Documents.pdf&gt;