# City of St. Louis Department of Personnel Administrative Regulation NO. 117

## Discipline Policy
Revised and reissued: December 14, 2012

All employees are expected to conduct themselves in accordance with department/division policies, Administrative Regulations of the Department of Personnel, Civil Service Rules and Regulations, Ordinances, the Charter of the City of St. Louis, and generally acceptable work behaviors including the City's Employee Code of Conduct. Employees in supervisory positions should set an example by their own conduct, work habits, and commitment to the City Service.

Any employee who is arrested, charged, indicted and/or convicted of any criminal charge that occurs on or off duty, whether engaged in City business or not, is required to report the arrest, charge, indictment or conviction to his/her appointing authority within five (5) calendar days of the arrest, charge, indictment or conviction. Any employee who fails to comply with this requirement will be subject to disciplinary action up to and including dismissal.

Disciplinary actions shall be considered as constructive interventions for the purpose of correcting inappropriate work behavior. In order to maintain an effective and efficient workforce, appointing authorities, managers and supervisors are obligated to identify any behaviors or actions that prevent an employee from properly performing his or her duties and inform the employee of the behavior and the necessary action required to correct the problem. Failure by the employee to correct the problem shall result in disciplinary action.

Disciplinary actions shall be administered on a uniform basis by an appointing authority or his/her designee and should normally be expected to be progressive in nature; failure to adhere to this policy could result in disapproval of such action. The Department of Personnel shall review all proposed discipline to ensure that said proposed discipline is appropriate and progressive in nature, excluding those instances that warrant an exception to progressive discipline. Progressive discipline places an employee on notice that his or her actions will not be tolerated and, if continued, will result in more serious discipline up to and including dismissal. Each offense must be judged on a case-by-case basis and consideration given to the employee's entire work history when determining the appropriate action to take. Some offenses may be so severe that immediate suspension, reduction in pay, disciplinary demotion or dismissal is warranted.



PLAINTIFF'S EXHIBIT F

Disciplinary actions include:

A. Written reprimand;

B. Suspension (up to 28 calendar days in a 12 month period);

C. Temporary reduction in pay for a period not to exceed 13 bi-weekly pay periods;

D. Disciplinary demotion (to a vacant position in lower pay grade for which the employee is qualified within the division/department);

E. Dismissal

I. PRE-DISCIPLINARY REVIEW

A pre-disciplinary notice and review is required prior to the imposition of any disciplinary action of a permanent employee. The pre-disciplinary review is an informal procedure in which the appointing authority or his or her designee advises the employee of the charges against him or her, gives an explanation of the charges and evidence, and allows the employee an opportunity to present facts prior to any disciplinary action being taken. This review is not a formal hearing, nor is it an extended procedure at which the employee is afforded the right to present witnesses, cross-examine individuals, etc.

The written notice shall be hand-delivered to the employee or sent by certified mail. The notice should include the following: 1. disciplinary action is being considered; 2. the specific charges including pertinent dates; 3. the rules and/or regulations violated; 4. the place, date and time of review; 5. that the employee has a right to a representative; 6. that the employee's prior work record is being considered; and 7. that failure to appear shall waive the employee's right to a disciplinary review. Typically two (2) to three (3) working days (excluding weekends) should suffice although other time frames may be agreed upon by the parties. If the employee chooses to have a representative at said hearing, every effort should be made to schedule the pre-disciplinary review so that a representative can attend and represent the employee.

During the pre-disciplinary review the following should occur: state purpose of review; advise employee of charges; give the employee and/or his/her representative the opportunity to review the evidence; give

the employee and/or his/her representative the opportunity to respond to the charges.

If the employee is disciplined, the following statement should be included on the disciplinary form: The employee has been advised of the charges against him/her, has been given an explanation of the charges and evidence, and given an opportunity to present disputed facts or mitigating circumstances. The employee has also been advised of his/her right to have an employee representative present. If an employee fails to appear for his/her pre-disciplinary review, it should be so noted on the Employee Status Form, Change in Employee Status form or the Written Reprimand form.

Failure to provide a permanent employee with written notice of the employee's
opportunity for a pre-disciplinary review shall result in the disciplinary action being disapproved by the Director of Personnel.

The appointing authority shall make a determination regarding the employee's discipline and notify the employee of the decision in writing within (14) fourteen calendar days from the date of review.

## II. WRITTEN REPRIMANDS

The Written Reprimand form must be completed in its entirety with clear and concise
statements. The "Reason For Reprimand" should be clearly documented by the appointing authority specifying any work rule or regulation violated.

The appointing authority's approval/disapproval of the reprimand and date must be
completed, as well as the date given to employee.

The written reprimand is next forwarded to the Department of Personnel for review and approval by the Director of Personnel, and then placed in the employee's official file. A copy of the form is to be given to the employee and the method and date of such notification shall be included in the proper section of the written reprimand form. Also, if it is not received by the Department of Personnel within sixty (60) days from the date of the last event which caused the written reprimand, unless otherwise authorized by the Director of Personnel, it will not be

considered to be an official written reprimand for purposes of prior work history.

A permanent employee may request a review of a written reprimand by the Civil Service Commission within ten (10) calendar days of the date the copy of the reprimand is given to the employee as noted on the written reprimand.

## III. SUSPENSIONS

The appointing authority shall complete a Change In Employee Status form (PD-202-A), which should clearly document the reasons for the suspension, including any violation of a work rule or City regulation, and also the duration of the suspension. The duration should include the time and date the suspension starts and the time and date it ends. The form should also include the employee's days off. The offense committed by the employee and the employee's prior work history shall be considered in determining the length of the suspension. However, suspensions shall not total more than twenty-eight (28) calendar days in a twelve (12) month period. The employee shall also be informed of his/her right to have a representative present at the pre-disciplinary review, and if the employee chooses to exercise this right, every effort shall be made to schedule the pre-disciplinary review so that a representative can attend and represent the employee.

NOTE: Employees who are exempt from overtime provisions (overtime code 1) may be suspended for one or more full days for serious workplace misconduct in violation of a rule applicable to all employees of the City (e.g., sexual harassment, workplace violence, drug and/or alcohol usage, or any violation of state and/or federal law). For other violations exempt employees must be suspended for one or more full work weeks.

The original form is forwarded to the Department of Personnel for review and approval by the Director of Personnel and shall then be placed in the employee's official file. A copy of the form is to be given to the employee and the method and date of such notification shall be included in the proper section of the Change In Employee Status form.

A permanent employee may appeal a suspension to the Civil Service Commission within ten (10) calendar days of the date of Notice to Employee reflected on the Change In Employee Status Form.

## IV. TEMPORARY REDUCTION IN PAY

A disciplinary temporary reduction in pay may only be imposed upon non-exempt employees (Overtime code 3 and 4). The reduction in pay may not be greater than fifteen percent (15%) of the employee's current rate of pay. The length of the reduction may not exceed thirteen (13) pay periods. The employee shall also be informed of his or her right to have a representative present at the pre-disciplinary review, and, if the employee chooses to exercise this right, every effort shall be made to schedule the pre-disciplinary review so that a representative can attend and represent the employee.

The Employee Status Form (PD-COMP-1) shall be forwarded to the Department of Personnel for the Director of Personnel's review and approval and shall then be placed in the employee's official file. A copy of the form shall be given to the employee and the method and date of such notification shall be included in the proper section of the Employee Status Form.

A permanent employee may appeal a temporary reduction in pay to the Civil Service Commission within ten (10) calendar days of the date of the date of notice to Employee as reflected on the Employee Status Form.

## V. DISCIPLINARY DEMOTIONS

An appointing authority may impose a disciplinary demotion to a vacant position in a lower pay grade for which the employee is qualified within the division/department. The employee shall also be informed of his or her right to have a representative present at the pre-disciplinary review, and, if the employee chooses to exercise this right, every effort shall be made to schedule the pre-disciplinary review so that a representative can attend and represent the employee.

An Employee Status Form (PD-COMP-1) must be completed and should clearly document the reasons for the demotion, including any violation of a work rule or City regulation. A copy of the form shall be provided to the employee and verification of notification shall be included in the section of the form entitled "Method and date of notification of employee."

The Employee Status Form shall be forwarded to the Department of Personnel for the Director of Personnel's review and approval and shall then be placed in the employee's official file.

A permanent employee may appeal a disciplinary demotion to the Civil Service Commission within ten (10) calendar days of the date of notice to Employee as reflected on the Employee Status Form. (as indicated under method and date of notice to employee).

## VI. FORCED LEAVE

Circumstances may necessitate relieving an employee from duty and thus placing such employee on forced leave pending an investigation and/or a pre-termination review. (Generally, forced leave is appropriate when the employee poses a threat to himself/herself, other employees or the worksite.) In such cases, the appointing authority must notify the Director of Personnel or his designee in writing of his/her desire to place the employee on forced leave and the reason therefore and obtain the Director of Personnel's or his designee's approval within three (3) calendar days or 72 hours. The employee shall be notified in writing by the appointing authority that he/she is being placed on forced leave. The employee may elect to be placed on either vacation or compensatory time, if any. If the employee has no such accrued leave, he/she shall be docked. If circumstances necessitate forced leave beyond thirty (30) calendar days, the appointing authority must request, in writing, the approval of the Director of Personnel prior to the initial force leave expiring, an extension of the forced leave and state the reason for the requested extension. The Director of Personnel or his designee may approve or disapprove a request for extension of the forced leave.

If forced leave is disapproved by the Director of Personnel or his designee, the employee shall be returned to work immediately. If the employee has been docked while on forced leave, the employee shall receive pay for the period of the forced leave which resulted in a dock. If the employee has been on vacation leave or compensatory time such leave shall not be restored because the employee elected to take their time rather than be docked.

A permanent employee may appeal the decision of the appointing authority to place the employee on forced leave to the Civil Service Commission within ten (10) calendar days of the date the employee is notified of the forced leave.

If it is found that a less severe form of discipline (other than dismissal) such as suspension is warranted and the employee has been on forced leave, the suspension shall commence on the effective date of the forced leave and if the employee has been on vacation leave, the vacation leave will not be restored. If the length of the suspension is less than the time of forced leave, the employee shall be compensated for the remaining period of time. If a temporary reduction in pay or demotion is deemed appropriate, the employee shall be returned to duty immediately, receive pay for the period of the forced leave which might have resulted in a dock and if the employee has been on vacation leave or compensatory time, such leave shall not be restored.

## VII. PRE-TERMINATION WRITTEN NOTICE AND REVIEW

When corrective discipline has failed to correct the employee's actions or the employee
commits an act(s) which is (are) so serious that corrective discipline is inappropriate, dismissal from the City Service shall be considered. The Department of Personnel and/or the City
Counselor's Office should be consulted prior to dismissing an employee.

The following steps must be adhered to when dismissing an employee for cause from the City Service:

### A. Pre-termination Written Notice

A pre-termination review is required prior to the imposition of a dismissal of a permanent employee. The pre-termination review is an informal procedure in which the appointing authority or his/her designee advises the employee of the charges against him/her, gives an explanation of the charges and evidence, allows the employee and/or his/her representative an opportunity to review the evidence, and then allows the employee and/or his/her representative an opportunity to present facts to mitigate the proposed penalty. This review is not a formal hearing, nor is it an extended procedure at which the employee is afforded the right to present witnesses, cross-examine individuals, etc. The employee shall also be informed of his/her right to have a representative present and, if the employee chooses to exercise the right, every effort should be made to schedule the pre-termination

review so that a representative can attend and represent the employee.

Failure to provide a permanent employee with written notice of the employee's opportunity for a pre-termination review shall result in the dismissal being disapproved by the Director of Personnel.

The written notice shall be hand-delivered to the employee or sent by certified mail and include the following:

- That dismissal is being considered;
- The specific charges/reasons;
- The place, date and time of review;
- The right to have a representative;
- If the employee's prior work record is being considered;
- Failure of the employee to appear shall waive the employee's right to a pre-termination review.

B. Pre-termination Review

The pre-termination review should be conducted before the employee's last day at work
or within thirty (30) days of being placed on forced leave (see below), unless the forced leave has been extended with the approval of the Director of Personnel. The appointing authority should provide employees with sufficient notice to obtain representation if so requested or otherwise prepare for the pre-termination review. Typically three (3) to five (5) working days (excluding weekends) should suffice although other time frames may be agreed upon by the parties. The following should occur:

- State purpose of review (to consider employee's dismissal);
- Advise employee of charges;
- Allow the employee and/or his/her representative an opportunity to review the evidence;
- Give the employee the opportunity to verbally respond to the charges, present mitigating

circumstances and submit any written witness statements;
- Maintain record of review, list of those present, the date, the proceedings, and any relevant facts presented.

The appointing authority shall make a determination regarding the employee's employment status within fourteen (14) calendar days from the pre-termination review and notify the employee of the decision in writing within (14) fourteen calendar days from the date of review. This decision may be: (1) no disciplinary action is required; (2) dismissal is too severe, but a lesser form of disciplinary action is required; or (3) dismissal is warranted.

## VIII. DISMISSAL

If the decision is made to dismiss the employee, an Employee Status Form (PD-COMPT-1) shall be completed and submitted to the Department of Personnel. The form must contain the following:

- The reason(s) for the dismissal with the specific charges/reasons including a summary of prior disciplinary actions, including dates of the actions;
- The date of the pre-termination review;
- The statement "The employee has been advised of the charges against him or her; advised of the right to have a representative present; given an explanation of the charges and evidence, and given an opportunity to fully respond to the charges and evidence at the pre-termination review;" or the statement "The employee failed to appear for the pre-termination review."
- A copy of the letter advising the employee of the pre-termination review should be attached to the Employee Status Form;
- A copy of the completed Employee Status Form shall be either hand-delivered to the employee or sent by certified mail to the employee's address of record.

The original form and two copies are forwarded to the Department of Personnel to be reviewed and approved by the Director of Personnel and placed in the employee's official file. The employee should also receive a copy of the Employee Status Form and the method and date of such notification shall be included in the proper section of the form.

The City of St. Louis has the right to take any and all appropriate disciplinary action up to and including dismissal based upon the circumstances of improper conduct either on the job or off the job. Appointing authorities are encouraged to obtain assistance from the Department of Personnel and/or the City Counselor's Office relative to unique or unusual incidents.

A permanent employee may appeal the dismissal to the Civil Service Commission within ten (10) calendar days of the effective date of the letter sent by action by the Director of Personnel. If the employee does not appeal the dismissal to the Civil Service Commission in a timely manner, the dismissal shall be considered final.

Exceptions to Progressive Discipline

There are some actions which are so serious that progressive discipline is inappropriate or insufficient and, therefore, immediate dismissal is warranted. Listed below are some examples of actions which may be exceptions to progressive discipline. These examples are not intended to be all inclusive:

- The commission of any act while on duty or off duty which would be a violation of Federal, State or local law, other than minor traffic violations. This does not mean that a conviction or even an arrest need have occurred for such a violation;
- Physical abuse of citizens, patients, clients, visitors, supervisors, or fellow employees; or any other violation of the City's Policy on Workplace Violence;

- Unauthorized possession of a firearm or other dangerous weapon (e.g. brass knuckles, knives, blackjacks, incendiary/explosive devices, etc.) or any object or poisonous substance that is readily capable of lethal use while on duty or on the work premises (see Administrative Regulation No. 142);
- Violation of the Policy Against Harassment or the Equal Employment Opportunity Policy and Complaint Procedure.
- Possession of alcoholic beverages while on duty or on the premises without proper permission;
- Illegal possession or sale of a controlled substance or illegal drug while on duty or off duty;
- Inability to perform duties in a safe and normal manner due to the use of alcohol, illegal drugs, abuse of legal drugs or other intoxicants;
- Use of a controlled substance or illegal drug on or off duty;
- Refusal to submit to scientific tests to determine the presence and/or amount of alcohol, drugs or other intoxicants in the body when such test has been authorized by an administrative regulation issued by the Director of Personnel or refusal to release the results of drug/alcohol screens under this provision;
- Unauthorized removal of City property;
- Refusal to submit to a physiological, psychological truth deception test (polygraph) or any voice stress analyzer, psychological stress evaluator when such test has been authorized by the Director of Personnel; or to otherwise refuse to cooperate in a lawful investigation;
- Failure to obtain or maintain a license, registration, certification or any other credential required as a condition of employment;
- Violation of the requirements of the City Charter relating to residence within the City of St. Louis, except as provided for by State Law.
- Failure to successfully complete the Mandatory Improvement Plan which is developed as the result of an overall "Unsuccessful" Employee Service Rating;

- Participation in any political activity prohibited by the Charter of the City of St. Louis or Civil Service Rules;
- Filing a fraudulent Workers' Compensation claim or accident report;
- Violating any of the provisions of the City's Code of Conduct;
- Falsification of time records or other official City records;
- Abandonment of job (employee fails to report to work or to call and report reason for absence for 3 consecutive working days);
- Any other violation which is so serious that continued employment in the agency would pose a threat to the patients, clients, employees, visitors, or the public confidence in and well-being of the agency.

The foregoing has been provided to assist in the uniform imposition of discipline in the City Service.

Questions concerning this administrative regulation should be referred to the Personnel Services Section of the Department of Personnel at 622-3251.

DEPARTMENT OF PERSONNEL

Richard R. Frank
Director of Personnel