

# OFFICE OF THE COMPTROLLER
# CITY OF ST. LOUIS

**DARLENE GREEN**
Comptroller

212 City Hall
(314) 622-4389
FAX 622-4026

## MEMORANDUM

**To:** James Garavaglia
Deputy Comptroller
Finance and Development

**From:** Comptroller Darlene Green

**Date:** July 21, 2017

**Re:** Unauthorized Signature

---

It has come to my attention that you, as Deputy Comptroller of Finance and Development, erroneously attempted to execute a lease agreement extension between the City of St. Louis and St Louis Composting (see attached). As you know, currently there are only two authorized signatures for contracts and their extensions. As Comptroller, I am authorized and I have also authorized Deputy Comptroller, Beverly Fitzsimmons.

I am puzzled as to how this could have happened; this is an improper procedure. Please work with Beverly Fitzsimmons so that Michele Graham, Contract Compliance Officer, can process and provide a properly executed extension to the contract.

Attachment

c: Beverly Fitzsimmons
Alan Jankowski
Michele Graham
Greg Hayes
Vanessa Carter
Kathy Sullivan



PLAINTIFF'S EXHIBIT S

*on the web: www.stlouis-mo.gov/comptroller*



**DEPARTMENT OF PARKS, RECREATION & FORESTRY**
**CITY OF ST. LOUIS**

5600 CLAYTON AVENUE IN FOREST PARK
ST. LOUIS, MO 63110-1310

LYDA KREWSON
MAYOR



GREG HAYES
DIRECTOR

(314) 289-5310
FAX (314) 535-3901

DIVISION OF PARKS
(314) 289-5300

DIVISION OF RECREATION
(314) 289-5320

DIVISION OF FORESTRY
(314) 613-7200

July 10, 2017

Mr. Patrick Geraty
President, St. Louis Composting
39 Old Elam Avenue
Valley Park, MO 63088

Dear Mr. Geraty:

Enclosed please find the fully executed Extension of the Lease Agreement between the City of St. Louis and St. Louis Composting for an additional one year period, expiring August 31, 2018.

We were advised by Mr. James Garavaglia, Deputy Comptroller, that it was not necessary that the City Counselor approve the extension nor did it require the signature of the Register.

If you have any questions, please feel free to contact me at 289-5387.

Sincerely,

Kathy Sullivan
Executive Assistant

Enclosure

CC: Greg Hayes
Janis Garavaglia
Vanessa Carter

EXTENSION OF LEASE AGREEMENT

The Lease Agreement entered into September 1, 2014 between the City of St. Louis acting by and through its Comptroller and St. Louis Composting, Inc., being Comptroller's Document #67892, is hereby extended for an additional one year period from September 1, 2017 through August 31, 2018.

Pursuant to Section 2 – Rent – Base rental for this one year extension shall be $19,200.00 per year paid in advance in monthly installments of $1,600. Checks received from vendor are handled the same as initial term.

All other terms of the LEASE shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have hereunto affixed their hands as set forth below:

LESSEE
ST. LOUIS COMPOSTING, INC.

By: _____
Patrick Geraty, President

LESSOR
CITY OF ST. LOUIS

By: _____
~~Darlene Green~~, Comptroller
JAMES M. GARAVAGLIA, DEPUTY

APPROVED AS TO LEGAL FORM:

By: _____
City Counselor

ATTEST

_____
Register



39 Old Elam Avenue
Valley Park, MO 63088
Office: 636-861-3344
Fax: 636-861-5925
www.stlcompost.com

June 2, 2017

Darlene Green
Comptroller
City of Saint Louis
1200 Market Street
City Hall Room 212
St. Louis, Missouri 63103

RE: Woodwaste Services

Dear Comptroller Green:

Per St. Louis Composting's contract with the City of Saint Louis ("City"), dated September 1, 2014 for Woodwaste Services, page one, section one, this letter is to serve as notice that St. Louis Composting is in agreement to extend the term for the first of two – one year extensions. St. Louis Composting has professionally and successfully managed the City's Woodwaste since 2010 and plans to continue to do so for the allotted terms. SLC has recently made additional improvements to 560 Terminal Row, including repaving the road with asphalt millings and extending the shop area. SLC looks forward to the continued relationship with the City for Woodwaste Services.

If you have any questions you can contact me at 314-581-3671 or pgeraty@stlcompost.com.

Sincerely,

Patrick Geraty
President
St. Louis Composting

*ENRICHING THE SOIL NATURALLY SINCE 1992*



Green, Darlene <greend@stlouis-mo.gov>

## Re: St. Louis Composting
1 message

**Green, Darlene** <greend@stlouis-mo.gov>      Mon, Jun 12, 2017 at 1:14 PM
To: "HAYES, GREG" <hayesga@stlouis-mo.gov>
Cc: Beverly Fitzsimmons <FitzsimmonsB@stlouis-mo.gov>, Michele Graham <GrahamM@stlouis-mo.gov>

Dear Mr. Hayes:

The Comptroller received the attached letter today from St. Louis Composting, regarding an extension of their contract.

After speaking with Bev Fitzsimmons, it is my understanding that this extension will need to be done as an amendment to the original contract.

To lessen any confusion, and to also expedite the process, St. Louis Composting should continue to communicate with you and your office directly.

Thank you, and please feel free to contact Ms. Fitzsimmons or Ms. Michele Graham, if you have any questions regarding the amendment process.

Sincerely,

Chana Morton
Executive Secretary

On behalf of:
*Darlene Green*
COMPTROLLER
City of St. Louis
greend@stlouis-mo.gov

Office: 314-622-4389
fax: 314-622-4026


DOC061217.pdf
530K

 

OFFICE OF THE COMPTROLLER
CITY OF ST. LOUIS

**DARLENE GREEN**
Comptroller

1200 Market St,
212 City Hall
St. Louis, Missouri 63103
(314) 622-3588
Fax: (314) 622-4026

## MEMORANDUM

**TO:** Honorable Darlene Green

**FROM:** James M. Garavaglia

**SUBJECT:** Lease

**DATE:** December 11, 2014

The Comptroller's Office requests signature approval of a lease between the City of St. Louis and St. Louis Composting, Inc. This 3 year agreement is for St. Louis Composting to provide intake, processing and disposal services for primarily wood and yard waste at City owned property at 560 Terminal Row. The City will be paid $18,000 in monthly installments in year one and $19,200 in each of the second and third years of the agreement. This lease was approved at the August 20, 2014 E&A meeting.

We appreciate your attention and consideration in this matter. Please forward to Michele Graham after signature for further processing.

Attachment

cc: Ivy Neyland Pinkston
Greg Hayes-Forestry Division

# LEASE AGREEMENT

THIS LEASE AGREEMENT (the "Lease Agreement") made and entered into this 1st day of **September** 2014, by and between the City of St. Louis, a Municipal Corporation of the State of Missouri, through its Comptroller pursuant to Article XV, Section 2 of the Charter of the City of St. Louis ("Lessor"), and St. Louis Composting, Inc., whose address is 39 Old Elam Avenue, Valley Park, MO 63088, ("Lessee").

WITNESSETH:

WHEREAS, There exists certain real property owned by Lessor and more fully described as follows:

> O.L. 112 ROAD, 6.731 ACS, SURV 728 ADDN BD. W-675 FT E OF HALL, Commonly known as and numbered 560 Terminal Row. Parcel ID 9112-00-00600 (the "Premises").

AND WHEREAS, Lessor issued a Request for Proposal (the "RFP") for companies or organizations to submit bids/proposals to provide intake, processing and disposal services for wood waste (logs, limbs, brush, wood chips), yard waste (grass, weeds), horse bedding and flowers (collectively, the "Material").

AND WHEREAS, Lessor has selected Lessee as the successful bidder under the RFP, and Lessor and Lessee now desire (as contemplated by the RFP) to simultaneously enter into (i) that certain Contract for Woodwaste Services ("Services Contract") attached and incorporated herein as Exhibit "A" whereby Lessee will provide intake, processing and disposal services of the Material at the Premises, and (ii) this Lease Agreement whereby Lessor shall lease the Premises to Lessee for the sole use of establishing a site on which to provide the services as set forth in the Services Contract.

NOW, THEREFORE, in accordance with the covenants and agreements herein contained, Lessor grants to Lessee the right to use and access the Premises in accordance with the terms of the Services Contract subject to the following:

1. <u>Term and Termination.</u> The term of this Lease Agreement shall commence on

September 1, 2014, and terminate at the end of business on August 31, 2017, with two (2) one-year mutual options, each option to be exercised with the mutual consent of Lessee and Lessor. With respect to Lessor, said consent shall not be unreasonably withheld as long as Lessee is performing within the terms of this Lease Agreement. Lessee must give three (3) months' written notice to the Comptroller, Room 212, City Hall, St. Louis, Missouri 63103 prior to the expiration of the Lease Agreement or any extension thereof, if it wishes to exercise an option to extend the term for an additional one-year period. This Lease Agreement will automatically terminate upon the termination of the Services Contract for any reason.

2. <u>Rent.</u> Base rental for the initial term of the Lease shall be Eighteen Thousand Dollars ($18,000.00) per year paid in advance in monthly installments of One Thousand Five Hundred Dollars ($1500.00). Base rental in the first two option years shall be Nineteen Thousand two hundred Dollars ($19,200.00) per year paid in advance in monthly installments of One Thousand Six Hundred Dollars ($1,600.00).

    a. At the end of each lease year, Lessee will provide the City Comptroller with a summary of incoming material fees received by Lessee from Third-party Sources (as defined in the Services Contract) with respect to materials brought to the Premises by Third-party Sources ("Third-party Material Fees") during the preceding lease year as contemplated by Section 7 of the Services Contract. To the extent that twelve percent (12%) of Third-party Material Fees exceeds the base rental, Lessee shall remit the excess to Lessor within 30 days after the end of the applicable lease year.

    b. During each lease year, Lessor shall apply a credit to Lessee's rent for sales to Lessor of double ground mulch, in excess of ten thousand (10,000) cubic yards per lease year, at the rate of Five Dollars ($5.00) per cubic yard.

3. <u>Use.</u> Lessee shall have the exclusive right to occupy and operate the Premises

in accordance with the terms of the Services Contract, and Lessee's use of the Premises shall be for the sole and exclusive purpose of providing services in accordance with the terms of the Services Contract. Lessee is hereby granted the right to undertake all activities contemplated by and incidental to said exclusive purpose. All parties doing business with Lessee shall be permitted access to the Premises during Lessee's business hours.

Notwithstanding the foregoing, Lessee agrees that during the term of this Lease Agreement, Lessor's Forestry Division ("Forestry") shall have limited access to the Premises on Saturdays for the sole purpose of temporarily depositing on the Premises certain materials collected by the Forestry Division through Lessor's Weed Control and Debris Removal Program, provided such use by the Forestry Division does not materially impair Lessee's normal business operations on the Premises. In no event shall the Forestry Division deposit on the Premises batteries, petroleum products, appliances, tires, any material that would not be accepted at Lessor's waste transfer facilities or materials that contain substances hazardous or harmful to persons or the environment. A representative of the Forestry Division will notify Lessee prior to each Saturday that Forestry intends to access the Premises for this purpose. Lessee will provide the Forestry Division with access to the Premises by providing Forestry with a key or other reasonable means of entry; provided, however, supervisory personnel from Forestry will secure access to the Premises immediately after each truck enters and immediately after each truck leaves the Premises. Lessor shall be solely responsible for unauthorized access to the Premises related to Forestry's use of the Premises. Forestry will cause all incoming loads to be deposited in the area designated by Lessee. Forestry will remove all material from the Premises by close of business on the Monday immediately following the deposit of such material at the Premises and will cause the area utilized by Forestry to be left free of debris and in broom clean condition.

This Lease Agreement is not assignable, except to a subsidiary of Lessee,

nor shall Lessee use the Premises or permit the Premises to be used for any purpose other than as set forth above without the written consent of Lessor.

4. <u>Possession.</u> Possession of the Premises shall be given to Lessee by Lessor upon full execution of this Lease Agreement by both parties hereto. LESSEE AGREES AND COVENANTS TO TAKE THE SUBJECT PROPERTY IN "AS IS" CONDITION. Lessee acknowledges that Lessor has made no representations, warranties, or statements regarding the condition of the Premises, any improvements thereon, or the suitability of the Premises for the use contemplated by Lessee and described in Section 3 of this Lease Agreement, except otherwise specifically set forth in this Lease Agreement. Lessee states that it has inspected the Premises and improvements thereon, finds their current condition satisfactory and suitable to its needs, and accepts them under this Lease Agreement in "AS IS" condition. However, Lessor and Lessee acknowledge that the Premises has a drainage problem, and that Lessor has historically (and continues to) addressed such problem by pumping storm water from the Premises to Lessor's property located adjacent to and to the south of the Premises (the "Adjacent City Property"). Lessor agrees that throughout the term of this Lease Agreement, Lessee may continue to pump storm water accumulating on the Premises onto the Adjacent City Property in a manner consistent with Lessor's past practices. Lessor represents and warrants to Lessee that (i) such practice of pumping of storm water from the Premises to the Adjacent City Property is in compliance with all applicable laws, rules, regulations, codes and other requirements, and (ii) use of the Adjacent City Property will be available at all times during the term of this Lease Agreement to accept such storm water as contemplated herein.

5. <u>Use of Improvements.</u> Lessee shall have the exclusive right to use all of Lessor"s facilities on the Premises. Upon prior written permission of Lessor, said permission to be reasonably given, Lessee may make at its sole cost and expense, such alterations and improvements to the Premises as Lessee may deem desirable. Subject to the provisions of the immediately following

paragraph, any permanent construction and/or substantial alterations at or on the Premises, including but not limited to upgrades or repairs to paved surfaces, outbuildings, shelters, plumbing, sewer, posts, fencing, electrical systems, landscaping and lighting, shall become part of the Premises and become property of Lessor.

During the term of this Lease Agreement, Lessee agrees to keep the Premises in continued good order, free from any nuisance or filth upon or adjacent thereto. Except as provided in the immediately preceding sentence, Lessor and Lessee agree that neither party shall have any obligation to maintain, repair or replace any improvements located on or serving the Premises, including either of the two buildings currently located on the Premises.

Lessee is responsible for the first $5,000 in any contract year for repair and maintenance costs associated with the facility. If such costs exceeding $5,000 in any contract year, that amount will be deducted from the lease rent payments to the Lessor for the same contract year.

Lessee covenants that it will follow all laws and regulations applicable to the Premises, and not use or permit the use of the same or any part thereof for any purposes forbidden by law or ordinance now in force or hereafter enacted in respect to the use of the Premises. Additionally and specifically, Lessee agrees to provide Lessor with reasonable access to the Premises and any improvements placed thereon.

6. <u>Utilities.</u> Lessee shall pay for all electricity, and other utilities used on the Premises and required for the intended purpose as set forth in Section 2 of this Lease Agreement.

7. <u>Insurance.</u> At all times during the term of this Lease Agreement, Lessee shall comply with the insurance requirements set forth in Section 5 of the Services Contract.

8. <u>Indemnification.</u> Subject to the provisions of Section 10 below, Lessee shall indemnify, protect, defend and hold harmless Lessor from and against any and

all claims, suits, proceedings, assessments, actions, demands, liabilities, expenses, costs (including, but not limited to, attorneys' fees) and/or judgments arising out of (i) the negligent acts or omissions or intentional wrongdoing of Lessee, its subcontractors (if any) or their respective agents or employees, or (ii) Lessee's breach (after twenty (20) days notice and opportunity to cure from the Lessor) of any of its obligations under the terms of this Lease Agreement, except to the extent attributable to the negligence or intentional wrongdoing of the Lessor, its agents, employees or contractors. Upon notice from the Lessor, Lessee shall defend the Lessor in any action or proceeding as a result of any of the foregoing.

9. Environmental Matters. Lessee shall be fully and completely responsible, at its sole cost and expense, to remediate any environmental contamination brought onto the Premises by Lessee, its agents, employees or contractors or Third-party Sources as contemplated by Section 7 of the Services Contract. Lessor shall be fully responsible for all other environmental contamination at or from the Premises, whether now existing or hereafter arising, including but not limited to the cost of any fines, penalties, investigation, clean-up or abatement and any attorneys fees associated therewith.

10. Damage to or Destruction of the Premises. Lessor and Lessee agree that in that the improvements (including the two buildings) located on the Premises have little or no net value, neither party shall have any obligation to insure such improvements and that neither party shall have any obligation to the other in the event of damage to or destruction of any of such improvements due to act of God or any other cause (including any damage or destruction arising out of the acts or omissions of either party or their respective agents or employees). In the event that any such act of God or other cause renders the Premises unfit or unusable by Lessee, Lessee may, at its option, terminate this Lease Agreement upon 30-day written notice to the Comptroller. Termination under this section of the Lease Agreement shall be Lessee's sole recourse against Lessor in the event of destruction by act of God or other cause. Similarly, Lessor hereby

releases Lessee, its subcontractor(s) and their respective agents and employees from any and all losses, costs or damages with respect to damage to or destruction of the improvements located on the Premises, even if such damage or destruction was caused by the acts or omissions of Lessee, its subcontractor(s) and their respective agents or employees.

11. <u>Default by Lessee.</u> The Comptroller of the City of St. Louis, upon review of the information made available to Lessor pursuant to this Lease Agreement, shall be empowered to terminate this Lease Agreement in accordance with the default, breach and/or termination provisions set forth in this Lease Agreement if Lessee does not cure such default or breach within twenty (20) days after Lessee's receipt from Lessor of written notice of such default or breach.

12. Both parties agree that Lessee is not an agent or employee of Lessor.

13. Lessee agrees that in the use of the Premises or in the use of any property used in connection with the Premises, Lessee will not exclude or discriminate against any person solely because of race, color, or creed, or for any reason not sanctioned by law and not applicable alike to persons generally in the use of said property.

14. The Americans with Disabilities Act (ADA) prohibits discrimination based on disability. Lessee covenants to comply with the provisions of the Americans with Disabilities Act and provide necessary documentation of its compliance efforts as required by the Commissioners of the Office on the Disabled.

15. The covenants and agreements contained herein shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural; the plural, the singular, and the use of any gender shall be applicable to all genders. All covenants, agreements and undertaking shall be joint and several. Notwithstanding the aforementioned provisions, Lessee may not sublease the Premises nor may the Premises be used by Lessee's successors or assigns for any purpose other than those delineated in Section 2 of this Lease Agreement during the full term of this Lease Agreement, unless the Board of Estimate and

Apportionment of the City of Saint Louis provides Lessee with written approval of such a sublease or amended exclusive purposes. No modifications or changes shall be made to this Lease unless the same are made in writing and signed by all parties to this Lease.

16. If the Premises or any portion thereof is required by the Lessor for any municipal purpose, Lessor shall have the right to enter upon and take possession of the Premises and any improvements thereon and to terminate this Lease Agreement prior to the expiration of its term. Lessee agrees and covenants to vacate the Premises fully and completely upon 90-day written notice of such termination by Lessor to Lessee. Additionally, Lessee may terminate this Lease prior to the expiration of its term upon 90-day written notice to Lessor.

17. All notices to be given shall be in writing, be deposited in the United States Mail, certified with return receipt requested, postage prepaid.

If to Lessee: St. Louis Composting, Inc.
39 Old Elam Avenue
Valley Park, MO 63088

If to Lessor: City of St. Louis Comptroller
Real Estate Section
1520 Market Street, Room 3005
St. Louis, Missouri 63103

w/copy to: City Counselor
1200 Market Street, Room 314
St. Louis, Missouri 63103

or to such other addresses as either party may later designate

18. This Lease Agreement shall be governed by and construed in accordance with the laws of the State of Missouri.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals on

the day and year first written above.

| LESSEE | LESSOR |
|---|---|
| ST. LOUIS COMPOSTING, INC. | CITY OF ST. LOUIS |

By: _____        By: _____
Patrick Geraty                                    Darlene Green
President                                            Comptroller

Approved as to legal form:

By: _____        Attest: _____
City Counselor                                    City Register

Approved 8-30-16
BOARD OF ESTIMATE AND APPORTIONMENT
SECRETARY

COMPTROLLER'S OFFICE
DOCUMENT NUMBER 67892